SUMMONS ISSUED

Gina Redrovan, Esq. (GR 3280)
*Attorney for Plaintiff*
40-41 75th Street
Elmhurst, NY 11373
(516) 323 6900
(917) 749 4030

FILED
CLERK
2012 FEB 29 PM 1:21
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12-0986

JOHNSON, J
POHORELSKY, M.J.

| | |
|---|---|
| FERNANDO HERNANDEZ,<br><br>Plaintiff,<br>- against -<br><br>MAIN GLATT CORP., IZIK MEIROV and SHLOMO MEIROV<br><br>Defendants | Index No.<br><br>**COMPLAINT** |

Plaintiff FERNANDO HERNANDEZ, by his attorney, Gina Redrovan Esq., alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law § 633; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2; and 12 NYCRR 142-2.4, to recover unpaid overtime and spread of hours compensation owed to FERNANDO HERNANDEZ ("Plaintiff" or "Mr. Hernandez") who was formerly employed by Defendants Main Glatt Corp. ("Employer") Izik Meirov and Shlomo Meirov (collectively the "Defendants").

2. Beginning in approximately 2001 and continuing through November 30, 2009, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of 10 hours per day and in excess of 70 hours per week without providing proper overtime compensation or spread of hours compensation as required by applicable federal and state law.

3. Plaintiff has initiated this action to seek earned but unpaid compensation, including unpaid overtime, spread of hours compensation, hourly compensation for all hours worked, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

5. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

6. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

7. Venue for this action in the Eastern District of New York under 28 U.S.C. §1391(b) is appropriate because Defendants and Plaintiff reside in the Eastern District of New York.

## THE PARTIES

8. Plaintiff is an individual residing in the State of New York who performed labor for the Defendants.

9. Upon information and belief, Defendant Main Glatt Corp. is incorporated under the laws of the State of New York, with its principal place of business located at 69-38 Main Street, Flushing, NY 11367, engaged in general supermarket business.

10. Upon information and belief, Defendant Izik Meirov is a principal executive

officer and/or shareholder of Main Glatt Corp., who resides at 69-38 Main Street, Flushing, NY 11367.

11.  Upon information and belief, Defendant Shlomo Meirov is a principal executive officer and/or shareholder of Main Glatt Corp., who resides at 69-38 Main Street, Flushing, NY 11367. ("Main Glatt Corp., Izik Meirov and Shlomo Meirov collectively will be referred as "Defendants").

## GENERAL FACTUAL ALLEGATIONS

12.  Upon information and belief, beginning in or about 2001, Defendants employed Plaintiff to perform work as a stock-man and butcher in furtherance of Defendants' supermarket business. Plaintiff worked for Defendants until approximately November 2009.

13.  Upon information and belief, while working for the Defendants, Plaintiff was typically required to work over ten 10 hours per day and more than seventy (70) hours per week.

14.  Upon information and belief, while working for the Defendants, Plaintiff did not receive proper overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which he worked after the first forty hours in any given week.

15.  Upon information and belief, while working for the Defendants, Plaintiff did not receive spread of hours compensation for any hours he worked over ten on any given day.

16.  At all times relevant to this action, Defendant Izik Meirov and Defendant Shlomo Meirov were officers, directors, owners and/or shareholders of Defendant Main Glatt Corp., and dominated the day-to-day operating decisions and made major personnel decisions for Defendant Main Glatt Corp. Plaintiff performed labor for Defendant Main Glatt Corp. for the benefit of and

at the direction of Defendant Izik Meirov and Defendant Shlomo Meirov.

17. Upon information and belief, Defendants Izik Meirov and Defendant Shlomo Meirov, were the principal executives and/or chief executives of Defendant Main Glatt Corp., and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) generated and maintained employment records.

18. Upon information and belief, Defendant Izik Meirov and Defendant Shlomo Meirov had complete control of the alleged activities of Defendant Main Glatt Corp., which gave rise to the claims brought herein.

## FIRST COUNT
## AGAINST DEFENDANTS –
## FLSA OVERTIME COMPENSATION

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 hereof.

20. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

21. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

22. Plaintiff is an employee within the meaning contemplated in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

23. Defendants Main Glatt Corp., Izik Meirov, and Shlomo Meirov are "employers", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

24. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Izik Meirov and Shlomo Meirov, are defined as "employer[s]" for the purpose of FLSA and, consequently, are liable for violations of FLSA.

25. Upon information and belief, Defendants failed to pay Plaintiff the minimum New York statutory wages for the time in which he worked in excess of the first forty hours in any given week.

26. Upon information and belief, Defendants failed to pay Plaintiff proper overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which he worked after the first forty hours in any given week.

27. The failure of Defendants to pay Plaintiff his rightfully owed wages and overtime compensation was willful.

28. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

### SECOND COUNT
### AGAINST DEFENDANTS --
### FAILURE TO PAY WAGES

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 hereof.

30. Pursuant to the Article Six of the New York Labor Law, workers, such as Plaintiff, are protected from wage underpayments and improper employment practices.

31. Pursuant to Labor Law § 190, the term "employee" means "any person employed

for hire by an employer in any employment."

32. As a person employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law §190.

33. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

34. As an entity that hired the Plaintiff, Defendant Main Glatt Corp. is an "employer."

35. Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, Izik Meirov is an "employer".

36. Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, Shlomo Meirov is an "employer".

37. Plaintiff's agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

38. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

39. In failing to pay Plaintiff proper wages and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiff all of his wages earned within the week such wages were due.

40. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff, that is not otherwise authorized by law or by the employee.

41. By withholding wages and overtime payments for time worked after forty hours

in one week from Plaintiff, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff.

42. Upon information and belief, Defendants' failure to pay Plaintiff wages and overtime payments for time worked in excess of forty hours in one week was willful.

43. By the foregoing reasons, Defendants have violated New York Labor Law §198 and are liable to Plaintiff in an amount to be determined at trial, interest, attorneys' fees and costs.

### THIRD COUNT
### AGAINST DEFENDANTS --
### NEW YORK OVERTIME COMPENSATION LAW

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 hereof.

45. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

46. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

47. Upon information and belief, Plaintiff worked more than forty hours a week while working for Defendants.

48. Upon information and belief, Plaintiff did not receive the New York statutory minimum wages or overtime compensation for all hours worked after the first forty hours of work in a week.

49. Consequently, by failing to pay to Plaintiff the minimum wages and overtime

compensation for work he performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

50. Defendants' failure to pay wages and overtime compensation for work performed by Plaintiff after the first forty hours worked in a week was willful.

51. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FOURTH COUNT
### AGAINST DEFENDANTS –
### NEW YORK SPREAD OF HOURS LAW

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 51 hereof.

53. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

54. Upon information and belief, Defendants required that Plaintiff typically work more than ten hours in a day.

55. Upon information and belief, Defendants did not pay Plaintiff an additional hour's pay when Plaintiff worked more than 10 hours in a day.

56. Consequently, by failing to pay to Plaintiff an additional hour's pay when Plaintiff worked more than 10 hours in a day, Defendants violated 12 NYCRR § 142-2.4.

57. Defendants' failure to pay spread of hours compensation for work performed by Plaintiff after 10 hours in a day was willful.

58. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH COUNT AGAINST DEFENDANTS
### BREACH OF CONTRACT

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 hereof.

60. Plaintiff and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

61. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

62. Specifically, Defendants agreed to pay Plaintiff a certain rate of pay for all hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

63. By failing to pay Plaintiff for all time worked and/or at his proper overtime rate, Defendants breached their contract of employment with Plaintiff.

Upon information and belief, by reason of the Defendants' breach of contract, Plaintiff has been damaged in an amount to be determined at trial, plus interest and reasonable attorneys' fees, and costs.

### SIXTH COUNT AGAINST DEFENDANTS
### UNJUST ENRICHMENT

64. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 hereof.

65. Plaintiff worked over forty (40) hours a week and typically over ten (10) hours per day without receiving proper overtime compensation at a rate of time and a half and without receiving spread of hours compensation.

66. As a result, Defendants have been unjustly enriched at the expense of Plaintiff. Plaintiff is entitled to recover from Defendants his unpaid compensation, interest, reasonable attorneys' fees, and cost and disbursements of the action.

### SEVENTH COUNT AGAINST DEFENDANTS
### QUANTUM MERUIT

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 hereof.

68. Plaintiff worked over forty (40) hours a week and typically over ten (10) hours per day without receiving proper overtime compensation at a rate of time and a half and without receiving spread of hours compensation.

69. As a result, Defendants have been unjustly enriched at the expense of Plaintiff. Plaintiff is entitled to recover from Defendants his unpaid compensation, interest, reasonable attorneys' fees, and cost and disbursements of the action.

**WHEREFORE**, Plaintiff demands judgment:

(1) On his first cause of action, against Defendants in an amount to be determined at trial, plus **liquidated damages** in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) On his second count, against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(3) On his third count, against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(4) On his fourth count, against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(5) On his fifth, sixth and seventh count, against Defendants in an amount to be determined at trial, interest, reasonable attorneys' fees, and cost and disbursements of the action.

(6) Any other and further relief the Court may deem appropriate.

Dated: New York, New York
       January 27, 2012

By: _____
Gina Redrovan, Esq.
*Attorney for Plaintiff*
40-41 75th Street
Elmhurst, NY 11373
(516) 323 6900
(917) 749 4030

-11-